# Exhibit A



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SYED M. ARIF NAQVI

Vs.

TURKISH AIRLINES, INC.

C.A. No.     2014 CA 003451 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference *once*, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Case Assigned to: Judge JEANETTE J CLARK
Date:   June 4, 2014
Initial Conference: 9:30 am, Friday, September 05, 2014
Location:   Courtroom 517
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority, and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, evaluating (1) attendance; (2) whether a settlement was reached; or, (3) where a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Office. The forms to be used for the mediation report are available at www.dccourts.gov/medmalmediation.

4 of 9

# D.C. SUPERIOR COURT

SYED M. ARIF NAQVI

                                        Plaintiff          **14 - 0 0 0 3 4 5 1**

          v.                                               Civil Action No. _____

TURKISH AIRLINES, INC.

                                        Defendant

RECEIVED
Civil Clerk's Office
JUN 0 4 2014
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

## NATURE OF THE CASE

1. By his complaint, the Plaintiff institutes action for damages of $400000 and states as under.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is founded in D.C. Code Annotated, 2001 edition, as amended, Sec 11-921.

3. This Court has personal jurisdiction over the Defendant because it is a company which carries out its business in the District of Columbia.

4. Venue is proper in the District of Columbia because the Defendant transacts business in the District of Columbia.

## PARTIES

5. The Plaintiff Syed Mohammad Arif Naqvi is a citizen of United States and an individual residing at 13291 Leaf Crest Lane # 216-A, Fair Fax, Virginia 22033 U.S.A.

6. The Defendant, Turkish Airlines, Inc. is a company incorporated under the laws of Turkey with its head office located in Istanbul, Turkey. The Defendant conducts its airline business in Washington D.C.

## FACTS

7. On February 13, 2014, Plaintiff and his wife, Mrs. Atiya Batool, were travelling from Washington Dulles to Istanbul on Flight 0232. Plaintiff arrived at Turkish Airlines ticket counter at Dulles International Airport at 8:15 p.m., more than three hours before his scheduled departure time of 11:30 p.m. Plaintiff asked Mr. Oyat, a representative of Defendant to check-in and assign seats for Plaintiff and his wife. Plaintiff requested an exit row seat at this early time (3 hours before flight departure).

8. Mr. Oyat told Plaintiff that the seats had already been provided to passengers who arrived at 7:00 p.m. When the Plaintiff expressed surprise as airline counters do not open 4 ½ hours before take off, Mr. Oyat told Plaintiff that exit seats were reserved for "Elite Class" passengers. In response to Plaintiff's inquiry of the meaning of "Elite Class," Mr. Oyat responded that "Elite Class" passengers are those who are "frequent flyers." Then, Plaintiff was asked to provide his height. When the Plaintiff responded that he was six feet, Mr. Oyat told me him only passengers taller than six feet were permitted to sit in an exit row and since he did not meet the criteria he would not be permitted to sit in the exit row.

9. Plaintiff requested his luggage to be returned to him immediately after he was discriminated against. Rather than complying, a Turkish Airlines supervisor, ("Mr. Sercan") was called to the ticket counter. Mr. Sercan asserted that Plaintiff would be provided seats with leg space instead. Even though the Plaintiff couldn't be issued a boarding pass for those seats due to technical reasons, Plaintiff was assured that having boarded the plane he would be given a leg space seat. Plaintiff agreed to board the plane relying on that promise.

10. When Plaintiff arrived at the departure gate and boarded the plane, he found the exit seats(seat no. 25 A-B, 6 A-B, 6K-J, K-J 25), were occupied by passengers of solely Turkish descent, six of them, women who did not meet the requirements that Plaintiff was told that he would have to meet in order to get an exit row seat. Furthermore he was not given a leg space seat as promised.

11. As a result of this, Plaintiff suffered extreme emotional and physical distress. He is a heart patient who has had a quadruple bypass in 2011. Plaintiff is extremely vulnerable due to his condition and the medications that he takes. Plaintiff informed the steward on Mr. Chem, that he was not feeling well and that he is a heart patient and that he also handed a note to be given to the captain of the circumstances and how it was hurting his feelings only, just worse and told him it was confirmed by the captain that he would be taken

... But for Defendant's actions, Plaintiff would not have suffered this this devastating experience.

12. Further, the operation of Flight 0232 violated several safety requirements including the failure of flight staff to provide any information regarding safety and the failure to illuminate the seat belt signs before landing. This added additional anxiety to Plaintiff's travel experience. Plaintiff was so distraught after his experience with Turkish Airlines that he was forced to forfeit the return flight for him. The Plaintiff had to purchase a new one-way ticket to Washington D.C.

## COUNT 1: BREACH OF CONTRACT

13. There existed a contract of carriage between the Defendant and the Plaintiff which included an implied term that the Defendant would provide airline services with reasonable care and skill.

14. The Defendant, its employee or agents failed to exercise reasonable care and skill, thereby breaching the contract in that;

a) Defendant did not permit the Plaintiff to sit in an exit seat based on three reasons; (i) that all the exit were given to passengers that arrived at 7:00pm; (ii) they were reserved for frequent flyers; (iii) and only passengers more than 6 feet tall are permitted to sit in the exit seats. These reasons were not valid because they are not stated anywhere in the rules/terms or conditions. All that is required is that passengers who sit on the Exit Rows are expected to help the cabin crew for opening the emergency exits and unloading other passengers in cases of unexpected emergency cases. For that reason seats in front of the exit rows can not be chosen on online check-in process. Such related seats requests may be demanded on merely check-in counters at airport. This unreasonable discrimination resulted in indignity, humiliation, and extreme stress to the Plaintiff that caused adverse effect to his heart.

b) The Defendant misrepresented to the Plaintiff that he would be given a seat with leg space if he boarded the plane. Had the Plaintiff known that this would not be the case, he would not have boarded the plane.

c) The flight crew failed to provide any information ... during the flight and did not illuminate the seat belt signs before landing, thereby violating safety requirements. This ...

## COUNT 2: 49 U.S.C. § 41310(a)
### Discriminatory Practices

15. According to 49 U.S.C. § 41310(a) an air carrier or foreign air carrier may not subject a person, place, port, or type of traffic in foreign air transportation to unreasonable discrimination.

16. The Defendant being a foreign air carrier gave an undue and unreasonable preference to the other passengers over the Plaintiff in the awarding of the seats. The Defendant gave three different reasons for why the Plaintiff could get an exit seat (i) that all the exit were given to passengers that arrived at 7:00pm; (ii) they were reserved for Elite Class; (iii) and only passengers more than 6 feet tall are permitted to sit in the exit seats and none of those reasons were valid, and or part of the rules. The inconsistency in the statement of reasons given by Defendant showed that it intended the Plaintiff to suffer a disadvantage. Furthermore by awarding the exit seats to women that did not satisfy the same standard to which the Plaintiff was put to, Defendant subjected the Plaintiff to unreasonable discrimination in violation of § 41310.

17. As a consequence, the Plaintiff suffered severe emotional distress, which had an adverse impact on his heart. The crew and captain despite being informed that the Plaintiff is unwell, did not take any action to mitigate the damage the Plaintiff was suffering.

## COUNT 3: 42 U.S.C. § 1981.
### (Denial of Equal Rights under the Law)

18. According to 42 U.S.C 1981, all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

19. The Plaintiff's right to fair, equal and non-discriminatory treatment has been violated when the Defendant refused to permit the Plaintiff an exit seat because of his national origin. This undignified malicious and oppressive treatment by the Defendant resulted in a traumatizing journey for the Plaintiff, one that resulted in an adverse heart condition. The medication (Nitrostat) that Plaintiff was carrying only then relieved the pain. However the Defendant knowing that the Plaintiff is unwell did not try to provide any relief to the Plaintiff.

## COUNT 4: 49 U.S.C. § 40127(a),
### Discrimination in Air Transportation

20. Section 40127(a) of Title 49 United States Code states that "[a]n air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."

21. Plaintiff incorporates by reference in this Count the allegations contained in Paragraph 16 and 17 above.

22. The Plaintiff was discriminated on the basis of his national origin when other passengers that appeared to be Turkish nationals were allotted the exit seats despite the Plaintiff having a right.

### PRAYER

Wherefore, the Plaintiff respectfully prays that this Court enter judgment against Defendant in sum of $ 400,000 including;

    a) Compensatory damages              $250,000
    b) Punitive damages                  $150,000

Interests and costs and any other relief which this court deems appropriate may also be granted.

**DISTRICT OF COLUMBIA**

Syed Mohammad Arif Naqvi being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by Defendant to the Plaintiff, exclusive of all set-offs and just grounds of defense.

County of Fairfax
State of Virginia
The foregoing instrument was acknowledged
before me this ___ day of _____ 2014
by _____
Notary Public _____
My Commission expires: _____
Commission # _____

Plaintiff
Syed Mohammad Arif Naqvi

Subscribed and sworn to before me this ___ day of ___ 2014

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

SYED M. ARIF NAQVI
13091 LINCREST LN #202-A _Plaintiff_

14-0003451

_Case Number_

TURKISH AIR LINES 1650 TYSONS BLVD
#860 McLean VA 22102 _Defendant_

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Self
_Name of Plaintiff's Attorney_

13091 LINCREST LN
_Address_
#202-A FAIRFAX VA 22033

703-346-5584
_Telephone_

_Clerk of the Court_

By _____

Date _____

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.